UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
UNITED STATES OF AMERICA,

    -against-

JOHN BLAIR,

                Defendant.
------------------------------------ x

MEMORANDUM DECISION
AND ORDER

20 Crim. 342-2 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant, *pro se,* moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), U.S. Sentencing Guidelines § 1B1.13, and 28 C.F.R. § 571.61. (Mot. for Reduction of Sentence ("Def.'s Mot."), ECF No. 95.) Defendant argues that his preexisting medical conditions, the COVID-19 pandemic, and his familial circumstances present "extraordinary and compelling" reasons justifying his immediate release. (Def.'s Mot. at 15.) The Government opposes Defendant's motion. (*See* Ltr. of USA in Opp. to Def.'s Mot., dated May 17, 2023 ("Gov't Opp."), ECF No. 97.) Defendant's motion is DENIED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant was sentenced on June 24, 2021 to a mandatory minimum of 60 months' imprisonment for Hobbs Act Robbery and for using, carrying, and possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 1951, 1952, and 924(c)(1)(A). (*See* J., ECF No. 72, at 1–2; Gov't Opp. at 1–2.) Defendant is incarcerated at Fairton FCI with a projected release date of February 16, 2026. *See Inmate Locator,* FED. BUREAU PRISONS, https://www.bop.gov/inmateloc/ (last accessed June 6, 2023).

## II. LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i).[1] Any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."); *United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020) ("The defendant has the burden to show he is entitled to a sentence reduction."). Further, any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Circumstances relating to defendant's medical condition, age, and family circumstances qualify as "extraordinary and compelling reasons[.]" United States Sentencing Guidelines § 1B1.13, Appl. Note 1(A)–(C). There is also a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Finally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

---

[1] A court may only afford relief under Section 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Government does not oppose Defendant's motion on exhaustion grounds. (*See generally* Gov't. Opp.)

2

### III. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE IS DENIED

Defendant is 28 years old and suffers from high blood pressure, *i.e.*, hypertension, and obesity. (Def.'s Mot. at 5.) Defendant argues that his hypertension and obesity put him at heightened risk of serious illness or death if he contracted COVID-19. (*Id.*) He further argues that the Bureau of Prisons ("BOP") "is not providing proper medical treatment." (*Id.*)

Defendant's obesity and hypertension, combined with the mere existence of COVID-19, do not present extraordinary and compelling reasons to justify his release. Courts in this Circuit have repeatedly held that an elevated risk of COVID-19 alone is insufficient to justify compassionate release. *See United States v. Betrand*, No. 15 Crim. 308-1 (KPF), 2020 WL 4004031, at *4 (S.D.N.Y. July 15, 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Federal Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread."); *see also United States v. Stevens*, 459 F. Supp. 3d 478, 486 (W.D.N.Y. 2020). Moreover, "since [Defendant] filed his motion, the threat from COVID-19 has diminished nationwide and within the BOP." *United States v. Roman*, No. 19 Crim. 116 (KMW), 2022 WL 17819525, at *2 (S.D.N.Y. Dec. 20, 2022). The Federal Bureau of Prisons' ("BOP") statistics indicate that no inmates and only one staff member at Fairton FCI is currently testing positive for COVID-19. *See BOP COVID-19 Statistics*, FED. BUREAU PRISONS, https://www.bop.gov/coronavirus/covid19_statistics.html (last accessed June 8, 2023).

Defendant's health records indicate that the BOP is monitoring and managing his health conditions in an adequate manner. While Defendant argues that he is not receiving proper medical treatment, BOP medical records indicate that Defendant's hypertension is being treated and

controlled through prescription medication. (*See* ECF No. 95, Ex. A at 8); *see also United States v. Mood*, No. 19 Crim. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying compassionate release to defendant with diabetes, hypertension, and obesity, among other conditions, where "[t]here is no question that [the defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication.").

Defendant's argument regarding his familial circumstances is without merit. While Defendant argues that he should receive compassionate release so he can support his two minor children (Def.'s Mot. at 5), such circumstances do not qualify as "extraordinary or compelling" reasons for compassionate release. *See United States v. John,* No. 15 Crim. 208 (CM), 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020) ("§3582(c)(1)(A)(i) still only authorizes release where the family circumstances are truly 'extraordinary and compelling' and not merely the inevitable circumstances families faces when a family member is incarcerated.").

Finally, Defendant argues that compassionate release is appropriate given his rehabilitation efforts and his participation in BOP programming. (Def.'s Mot. at 5.)  These do not constitute extraordinary or compelling reasons for his release. *See United States v. Bennett*, No. 15 Crim. 95 (JPC), 2022 WL 3445349, at *3 (S.D.N.Y. Aug. 17, 2022) ("[D]istrict courts in this Circuit have widely held that rehabilitation through participation in prison programs . . . does not constitute an 'extraordinary and compelling' justification for release.") (internal citation and quotation marks omitted).

The 18 U.S.C. § 3553(a) factors also counsel against Defendant's release. The nature and circumstances of Defendant's offenses indicate that the sentence originally imposed remains sufficient but not greater than necessary in this case. Defendant's current sentence appropriately reflects the gravity of his offenses and the need for deterrence.

## IV.   CONCLUSION

Because Defendant has not demonstrated "extraordinary and compelling" reasons to reduce his sentence, his request for compassionate release is DENIED. The Clerk of Court is directed to close the open motion at ECF No. 95 accordingly.

Dated: June 13, 2023
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

5